**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50502 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00436-W-1 |
| v. | |
| FRANCISCO JAVIER GOMEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Argued and Submitted January 6, 2015
Pasadena, California

Before: KOZINSKI, WARDLAW, and W. FLETCHER, Circuit Judges.

Francisco Javier Gomez appeals his conviction for knowingly and

intentionally importing more than 500 grams of a substance containing

methamphetamine into the United States in violation of 21 U.S.C. §§ 952 and 960.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The only issue for our review is whether the prosecutor misstated the evidence during closing argument so as to warrant reversal of Gomez's conviction. We review this claim for plain error because Gomez did not object to the prosecutor's statements at trial. *United States v. Atcheson*, 94 F.3d 1237, 1244 (9th Cir. 1996).

We find that the prosecutor did misstate the evidence during closing argument. In a post-arrest interview, Gomez stated that the methamphetamine-filled food cans belonged to a woman who crossed the street in front of his car "at the *first* bridge, when you're coming *from* the- from Zona Rio." During closing argument, the prosecutor displayed photographs of the *last* bridge one would encounter traveling from Zona Rio to the Port of Entry, and argued that, because of the surrounding fencing depicted in the photographs, Gomez's exchange with the woman could not have occurred. The prosecutor's argument that the woman could not have crossed the street at that point, which rendered Gomez's statement not credible, was not based on the evidence in the record and was therefore improper. *United States v. Mageno*, 762 F.3d 933, 943 (9th Cir. 2014).

The prosecutor's misstatements, however, did not affect Gomez's substantial rights, and therefore do not warrant reversal. We do not find "a reasonable probability that the error[] affected the outcome of the trial." *Id.* at 944 (internal

2

quotation marks omitted).  Gomez's explanation for his acquisition of the methamphetamine-filled food cans was implausible.  The photographs in the record of the *first* bridge coming from Zona Rio show that the woman would have had to cross multiple lanes of highway traffic and a concrete divider to reach Gomez's car, while carrying approximately twenty-seven pounds of methamphetamine.  It is extremely unlikely that a drug trafficker would place methamphetamine worth almost half a million dollars in a stranger's car, or that Gomez would permit a stranger to place uninspected goods in his car as he was about to cross the border.  Moreover, Gomez's statements were inconsistent as to his acquisition of the methamphetamine.

Gomez was the driver and sole occupant of a vehicle containing a significant amount of methamphetamine, which alone is evidence of knowledge.  *United States v. Collins*, 764 F.2d 647, 652 (9th Cir. 1985).  Because there was overwhelming evidence of Gomez's guilt, and his defense was implausible, the prosecutor's misstatements during closing argument did not affect Gomez's substantial rights.

**AFFIRMED.**